T.C. Memo. 2010-195

UNITED STATES TAX COURT

ANTHONY & MICHELLE A. CICCIARELLA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2810-09.                    Filed September 7, 2010.

Anthony and Michelle A. Cicciarella, pro sese.

<u>William C. Bogardus</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $3,059
in petitioners' Federal income tax for 2006.  After concessions
by respondent, the issue for decision is whether petitioners
incurred $33,787 of deductible medical expenses in 2006 or any
amount exceeding the standard deduction allowed in the statutory

notice. All section references are to the Internal Revenue Code in effect for 2006.

FINDINGS OF FACT

Some of the facts have been deemed stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in New York at the time the petition was filed.

Petitioners' young son has a serious medical condition that was the subject of reports and recommendations by various specialists in 2006. Among the recommendations were substantial modifications to petitioners' residence, special food and vitamin supplements, and special educational programs.

On their Federal income tax return for 2006, petitioners claimed $33,787 in medical expenses, reduced to $30,116 as the amount exceeding 7.5 percent of their adjusted gross income. In the amended petition filed March 25, 2009, they identified items claimed totaling $38,100, including approximately $8,000 for a sauna; $16,000 for an "alternative room in the home"; $5,000 for "education learning"; and $4,000 for "supplements, homotoxicology". In a statement dated January 21, 2009, attached to the amended petition, petitioner Anthony Cicciarella indicated that he would provide further information in the "next couple of days". Petitioners did not substantiate the claimed expenditures in the year between the amended petition and trial, during trial,

or in the time provided after trial of this case as set forth below, except for one $266 item conceded by respondent.

In the notice of deficiency, petitioners were allowed the $10,300 standard deduction for 2006 in lieu of the itemized deductions claimed. Respondent subsequently conceded that petitioners are entitled to deduct $2,322 for State and local taxes paid in 2006.

OPINION

Section 213(a) provides a deduction for expenses paid during the taxable year, not compensated by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent, to the extent that such expenses exceed 7.5 percent of adjusted gross income. Improvements to a home may in some circumstances qualify as medical expenses, but deduction of the cost of such improvements is limited to the portion of the cost that exceeds the amount by which the improvements increase the value of the home, and the particular expenditure must be related directly to medical care. See sec. 1.213-1(e)(1)(iii), Income Tax Regs.

There is no dispute that petitioners' son had serious medical issues. Respondent contends, however, that petitioners have not provided any documents to show that items recommended by medical consultants were ever purchased, that procedures were actually implemented, that none of the claimed expenditures were covered by insurance, and that the claimed improvements did not

increase the value of petitioners' residence. Petitioners were notified of what they needed to prove in respondent's pretrial memorandum served over 2 weeks before trial.

Petitioners testified at trial, but their testimony was not corroborated or reliable. They claimed that records were destroyed in a flood that occurred before some expenses were allegedly incurred. Their testimony was vague or inconsistent about the year in which certain expenses were incurred. They gave confusing and unpersuasive testimony about the source of funds used to make payments exceeding $33,000 from reported income of less than $49,000 in 2006 and other funds not received until 2007. Mr. Cicciarella claimed implausibly that he thought he needed to produce records for 2005 and had therefore not "researched" 2006, although 2006 was the year repeatedly mentioned in the petition and in every other document filed in this case. Nonetheless, petitioners were allowed time after trial to produce documents for 2006 and subsequently to report to the Court. Respondent filed a report to the Court indicating that no persuasive documents had been produced, and petitioners did not file a report.

Giving petitioners one last opportunity to address the issues, the Court ordered on May 26, 2010, that petitioners by June 25, 2010, "serve on respondent and file with the Court a memorandum setting forth any additional arguments that

petitioners wish to make in response to the Pretrial Memorandum For Respondent." The order reminded petitioners of the elements that they needed to establish. Petitioners failed to take advantage of that opportunity and apparently have abandoned this case.

Because they have failed to present any reliable evidence of expenses incurred in 2006, petitioners are not entitled to any additional deductions for medical expenses that year. Because the amounts conceded by respondent are less than the standard deduction allowed in the statutory notice,

<u>Decision will be entered</u>

<u>for respondent</u>.